# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: August 6, 2024

| | |
|---|---|
| HAMDI QASEM ALMUDHARI and HUDA NASSER KASSEM, parents of H.A., a minor, | |
| Petitioners, | UNPUBLISHED |
| | No. 22-1599V |
| v. | Special Master Dorsey |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | Attorneys' Fees and Costs. |
| Respondent. | |

Ronald Craig Homer, Conway, Homer, P.C., Boston, MA, for Petitioners.
Ryan Pohlman Miller, U.S. Department of Justice, Washington, DC, for Respondent.

**DECISION AWARDING ATTORNEYS' FEES AND COSTS**[1]

On October 26, 2022, Hamdi Qasem Almudhari and Huda Nasser Kassem ("Petitioners"), as parents of H.A., a minor, filed a petition in the National Vaccine Injury Program[2] alleging that as a result of H.A. receiving the human papillomavirus ("HPV"), meningococcal ("MCV"), and tetanus, diphtheria, and acellular pertussis ("Tdap") vaccines on March 15, 2021, H.A. suffered Guillain-Barré syndrome ("GBS"). Petition at Preamble (ECF

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), Petitioners have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 to -34 (2018) ("Vaccine Act" or "the Act"). All citations in this Decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

1

No. 1).  On December 13, 2023, the undersigned issued a Decision Based on Stipulation,.  Decision Based on Stipulation dated Dec. 13, 2023 (ECF No. 35).

On May 31, 2024, Petitioners filed an application for attorneys' fees and costs.  Petitioners' Application for Attorneys' Fees and Costs ("Pet. Mot."), filed May 31, 2024 (ECF No. 40).  Petitioners request compensation in the amount of $30,560.18, representing $30,025.00 in attorneys' fees and $535.18 in attorneys' costs.  Id. at 1-2.  Petitioners have not incurred any costs.  Id. at 2.  Respondent filed a response on June 1, 2024, stating he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case."  Respondent's Response to Pet. Mot., filed June 1, 2024 (ECF No. 42).  Petitioners did not file a reply.  The matter is now ripe for disposition.

Petitioners request the following hourly rates for the work of their counsel: for Ms. Christina Ciampolilo, $425.00 per hour for work performed in 2022 and $470.00 per hour for work performed in 2023; for Ms. Meredith Daniels, $410.00 per hour for work performed in 2022, $455.00 per hour for work performed in 2023, and $485.00 per hour for work performed in 2024; for Mr. Ronald Homer, $475.00 per hour for work performed in 2022, $500.00 per hour for work performed in 2023, and $525.00 per hour for work performed in 2024; for Mr. Patrick Kelly, $305.00 per hour for work performed in 2023 and $345.00 per hour for work performed in 2024; for Mr. Nathaniel Enos, $320.00 per hour for work performed in 2023; and for Mr. Joseph Pepper, $415.00 per hour for work performed in 2022 and $455.00 per hour for work performed in 2023.  Petitioner also requests rates between $155.00 and $195.00 for work of their counsel's paralegals performed from 2021 to 2024.

The undersigned finds the rates are generally consistent with what counsel have previously been awarded for their Vaccine Program work and reasonable herein.  Additionally, the undersigned finds the 2024 rates for Ms. Daniels and Mr. Kelly are consistent with the OSM Attorneys' Forum Hourly Rate Fee Schedule for 2024 and are reasonable, and will thus award these 2024 rates.  The undersigned has reviewed the submitted billing entries and finds the total number of hours billed to be reasonable and will award them in full.  Lastly, the undersigned has reviewed the requested costs and finds them to be reasonable and supported with appropriate documentation.  Accordingly, the full amount of costs shall be awarded.

Therefore, the undersigned finds no cause to reduce the requested hours or rates, or the requested costs.

The Vaccine Act permits an award of reasonable attorneys' fees and costs.  § 15(e).  Based on the reasonableness of Petitioners' request, the undersigned **GRANTS** Petitioners' motion for attorneys' fees and costs.

**Accordingly, the undersigned awards:**

**(1) A lump sum in the amount of $30,560.18, representing reimbursement for reasonable attorneys' fees and costs, in the form of a check payable jointly to Petitioners and Petitioners' counsel of record, Mr. Ronald Homer.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with this Decision.[3]

    **IT IS SO ORDERED.**

**/s/ Nora Beth Dorsey**
Nora Beth Dorsey
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.